# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

IN THE MATTER OF:

Mary Jean Brooks,

             Debtor.

_____/

Bankruptcy Case No.: 10-30974
Hon. Daniel Opperman
Chapter 7

## TRUSTEE'S AMENDED MOTION FOR AUTHORITY TO COMPROMISE THE ESTATE'S INTEREST IN THE POTENTIAL CLAIM AGAINST CENTRAL IRRIGATION SUPPLY, INC.

Collene K. Corcoran, Trustee ("Trustee"), by and through her counsel, Beadle Smith, PLC, hereby states for the Trustee's Motion to Compromise the Estate's Interest in the Claim ("Motion") as follows:

1.      On February 25, 2010, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as Amended, Title 11.

2.      Subsequent to the aforementioned filing, Collene K. Corcoran was appointed the duly qualified and acting Trustee in this matter.

3.      The Debtor appeared for her 341 examination before the Trustee on April 12, 2010 and testified that she had no claims against any third party. The Trustee thereafter closed her bankruptcy case.

4.      On or about September 17, 2010, the Debtor filed a lawsuit against Central Irrigation Supply, Inc. in the United States District Court, Eastern District of Michigan entitled, Mary J. Brooks vs Central Irrigation Supply, Inc., Eastern District of Michigan, Southern Division, Case No. 10-cv-13717 previously pending in the United States District Court, Detroit before the Honorable Paul D. Borman ("lawsuit").

5.      The matter proceeded to a jury trial without the knowledge of the Bankruptcy Trustee or the Estate and a verdict was rendered in favor of Mary J. Brooks in excess of One Hundred Thousand ($100,000) Dollars.

1

6.     Following trial, Central Irrigation Supply, Inc. filed a Motion to Dismiss the case because Mary J. Brooks was not the proper party in interest as she had failed to disclose the lawsuit and the claim against Central Irrigation Supply, Inc. in her bankruptcy petition and throughout her bankruptcy case..

7.     The lawsuit was dismissed without prejudice affording Collene K. Corcoran, Bankruptcy Trustee for the Estate of Mary Jean Brooks to potentially pursue the action in place of the Debtor.

8.     The Trustee believing that the statute of limitations of the action had run, initially agreed to settle this matter for Fifteen Thousand ($15,000) Dollars and filed a motion to compromise the matter on that basis however, the Debtor objected and that Motion was set for an evidentiary hearing to occur on June 12, 2013 at 2:00 p.m.

9.     The Trustee's counsel conducted the 2004 exam of the Debtor and had further discussions with counsel for Central Irrigation Supply, Inc and with the Debtor's counsel and the parties were able to resolve the Debtor's objection to the Motion to Compromise.

10.     The parties to the evidentiary hearing have had a further opportunity to discuss the matter and the Debtor, Mary Jean Brooks, Nicholas Roumel on behalf of Nacht, Roumel, Salvatore, Blanchard & Walker, PC, Central Irrigation Supply, Inc. and the Trustee have further investigated the claims, the cost to proceed to an evidentiary hearing and potential to address a trial or further litigation of the matter, reviewed the law on the issues relative to proceeding with a lawsuit or amending/substituting in the prior lawsuit, the potential recovery at trial and the extent to which proceeding further would benefit the estate and its creditors.

11.     Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." A court considering a proposed compromise or settlement should apprise itself of all facts necessary for an intelligent and objective opinion as to the reasonableness of the compromise

2

or settlement; however "the court need not conduct a "mini trial on the merits...of [the] settlement." *In re Dow Corning Corp.*, 198 B.R. 214, 222 (Bankr. E.D. Mich. 1996)(citations omitted); *In the Matter of Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (same). Instead,

> ...the obligation of the court is to 'canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness.'"

*Dow Corning Corp.*, 198 B.R. at 222 (quoting *In re Drexel Burnham Lambert Group, lnc.*, 134 B.R. 493) (Bankr. S.D.N.Y. 1991) (quoting, *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, *Cosoffv. Rodman*, 464 U.S. 822, 104 S. Ct. 89, 78 L.Ed.2d 97 (1983))).

12.     In evaluating a proposed settlement, the court should be guided by the precept that the law favors compromise and the court must consider whether the proposed settlement is in the best interest of the debtor's estate, *In re Dow Corning Corp.*, 198 B.R. 214, 221 (Bankr. E.D. Mich. 1996).

13.     In considering whether to approve a settlement as in the best interest of a debtor's estate, a bankruptcy court must consider, among other things: (I) the probability of success in litigation; (ii) the difficulty in collecting a judgment ultimately obtained in the litigation; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the interests of creditors, giving proper deference to reasonable views of the creditors. *Protective Committee of Independent Stockholders of TMT Trailer Ferry, lnc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L.E.d. 2d I, reh'g denied 391 U.S. 709, 88, S. Ct. 1649, 20 L.E.d. 2d 425 (1968).

14.     Given the information known to the Trustee, she has fulfilled his duty of obedience, loyalty and duty of care.  In fulfilling her duty of obedience, the settlement is not outside her permitted authority.

15.     The proposed settlement is not illegal, unconstitutional or against public policy.  The

3

Trustee has the capacity to object to the Debtor's claimed exemptions should the Debtor elect an exemption in this case. The Trustee asserts that the Debtor has failed to amend to date, failed to disclose a known asset timely and therefore, such an exemption would not be allowed by law.

16. The Trustee has the authority to exercise his business judgment in reaching a compromise. The Trustee has fulfilled his duty of loyalty by remaining disinterested in this bankruptcy proceeding. Except as serving as Trustee in this case, the Trustee does not hold an interest adverse to this estate nor is he connected in any manner with the Debtor, creditors of the Debtor, attorney of the Debtor or any other party in interest, or their respective attorneys or accountants. The Trustee has fulfilled his duty of due care by acting as an ordinarily prudent person in conduct of his private affairs under similar circumstances with a similar object in view.

17. Acceptance of the compromise will avoid any further costs of litigation related to this matter and guarantee a recovery by the estate and payment of all claims timely filed.

18. The parties have agreed to resolve the matter upon a total payment by Central Irrigation Supply, Inc. to the Estate of Mary Jean Brooks in the amount of Thirty Two Thousand Five Hundred ($32,500) Dollars. The Trustee acknowledges that she has already received the sum of Fifteen Thousand ($15,000) Dollars in exchange for a dismissal with prejudice of the Lawsuit upon payment in full and releases to be executed by the parties. The parties also agreed that the firm of Nacht, Roumel, Salvatore, Blanchard & Walker, PC would be entitled to submit an unsecured proof of claim in the amount of Nine Thousand Six Hundred Fifty ($9,650) Dollars representing its out-of-pocket costs in the lawsuit. The additional conditions and releases as set forth in the Settlement Agreement would also have to be executed by the parties.

19. The Trustee believes that this Court, in considering the facts before it, and in using its discretion and informed judgment, should approve this compromise because it is fair and equitable.

**WHEREFORE**, the Trustee, Collene K. Corcoran, respectfully requests that this Court authorize her to accept the sum of $32,500.00 in full satisfaction of the estate's interest in the potential claim against Central Irrigation Supply, Inc. and to authorize her to execute the additional documentation required under the Settlement Agreement.

4

Respectfully submitted,

BEADLE SMITH, PLC

 /S/ Thomas L. Beadle
By: THOMAS L. BEADLE (P39203)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 18; (248) 650-6095 (fax)
Dated: June 12, 2013          tbeadle@bbssplc.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

**IN THE MATTER OF:**

Mary Jean Brooks,

Bankruptcy Case No.: 10-30974
Hon. Daniel Opperman
Chapter 7

        Debtor.

_____/

### ORDER GRANTING TRUSTEE'S AMENDED MOTION FOR AUTHORITY TO COMPROMISE THE ESTATE'S INTEREST IN THE CLAIM AGAINST CENTRAL IRRIGATIONS SUPPLY, INC.

This matter having come before this Honorable Court based upon the Trustee's Amended Motion for Authority to Compromise the Estate's Interest in the claim Against Central Irrigation Supply, Inc.; no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

    **NOW, THEREFORE,**

    **IT IS HEREBY ORDERED** that Trustee's Motion is granted and Central Irrigation Supply, Inc. shall pay to the Trustee the full sum of $32,500.00 pursuant to the terms of the Settlement Agreement submitted with the Trustee's Motion. The Trustee is authorized to execute the documents necessary to comply with the Settlement Agreement.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

IN THE MATTER OF:

Mary Jean Brooks,

Debtor.

_____/

Bankruptcy Case No.: 10-30974
Hon. Daniel Opperman
Chapter 7

## NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S AMENDED MOTION FOR AUTHORITY TO COMPROMISE THE ESTATE'S CLAIM AGAINST CENTRAL IRRIGATION SUPPLY, INC.

Trustee, Collene K. Corcoran, has filed with the Court Trustee's Amended Motion for Authority to Compromise the Estate's Claim Against Central Irrigation Supply, Inc. Debtor filed a lawsuit in the US District Court seeking payment for damages caused by an improper termination and the case was dismissed to lack of standing and failure to include/disclose the claim in her bankruptcy case. In an effort to resolve this matter without further litigation, Central Irrigation Supply, Inc. has agreed to pay the estate $32,500.00 in full satisfaction of the estate's interest in that claim.

Pursuant to Drexel v. Loomis 35 F.2d. 800 (8th Cir. 1929) and In re Carson, 82 B.R. 847 (Bankr. S.D. Ohio 1987) the Trustee believes that the compromise is appropriate, in the best interest of the estate and its creditors, and should be approved by the Court. Acceptance of the compromise will avoid any further costs of litigation related to this matter and guarantee a recovery by the estate. The Trustee believes that this Court, in considering the facts before it, and in using its discretion and informed judgment, should approve this compromise because it is fair and equitable.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, within 21 days, you or your attorney must:

1.  Pursuant to L.B.R. 9014-1 (E.D.M.), file with the Court a written objection explaining your position at:[1]
    United States Bankruptcy Court
    226 West Second Street, Flint, MI 48502
    If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.
You must also mail a copy to: Thomas L. Beadle, Attorneys for Trustee [see address below]

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

BEADLE SMITH, PLC
/S/ Thomas L. Beadle
_____
By: THOMAS L. BEADLE (P39203)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094, Ext. 18; (248) 650-6095 (fax)
tbeadle@bbssplc.com

Date Served: June 12, 2013

Response or answer must comply with F.R. Civ. P 8 (b) (c) and (e)

**IN THE MATTER OF:**

Mary Jean Brooks,

                    Debtor.

_____/

Bankruptcy Case No.: 10-30974
Hon. Daniel Opperman
Chapter 7

## BRIEF IN SUPPORT OF TRUSTEE'S AMENDED MOTION FOR AUTHORITY TO COMPROMISE THE ESTATE'S INTEREST IN THE POTENTIAL CLAIM AGAINST CENTRAL IRRIGATION SUPPLY, INC.

Trustee relies on the law set forth in Trustee's Amended Motion for Authority to Compromise the Estate's Interest in the Potential Claim Against Central Irrigation Supply, Inc., L.B.R. 9019-1, BR 2002 and BR 9019.

Respectfully submitted,

BEADLE SMITH, PLC


 /S/ Thomas L. Beadle
By: THOMAS L. BEADLE (P39203)
Attorneys for Trustee
445 S. Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 18; (248) 650-6095 (fax)
tbeadle@bbssplc.com

Dated: June 12, 2013

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN THE MATTER OF:

Mary Jean Brooks,

               Debtor.

_____/

                                  Bankruptcy Case No.: 10-30974
                                  Hon. Daniel Opperman
                                  Chapter 7

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2013, I served the following Paper:

Trustee's Amended Motion for Authority to Compromise the Estate's Claim against Central Irrigation Supply, Inc., Proposed Order, Notice of Requirement of Written Response to Trustee's Amended Motion for Authority to Compromise the Estate's Claim against Central Irrigation Supply, Inc., Brief in Support of Trustee's Amended Motion for Authority to Compromise the Estate's Claim against Central Irrigation Supply, Inc., this Certificate of Service, Affidavits and Exhibit List with Exhibit

on the following parties at these addresses:

Mary Jean Brooks
1455 Crestwood Road
Howell, MI 48843

by the following means:

United States first-class mail

**A COPY OF THE NOTICE REQUIRING A WRITTEN RESPONSE WAS ALSO SERVED UPON THE ATTACHED COURT MATRIX BY US MAIL AND ALL DOCUMENTS LISTED ABOVE WERE SERVED BY ECF TO ECF PARTICIPANTS .**

                        /S/ Thomas L. Beadle
                        THOMAS L. BEADLE (P39203)
                        Beadle Smith, PLC
                        Attorneys for Trustee
                        445 South Livernois, Suite 305
                        Rochester Hills, MI 48307-2577
                        (248) 650-6094, Ext. 18; (248) 650-6095 (fax)
                        tbeadle@bbssplc.com

Label Matrix for local noticing
0645-4
Case 10-30974-dof
Eastern District of Michigan
Flint
Wed Jun 12 14:54:21 EDT 2013

Thomas L. Beadle
Beadle Smith, PLC
445 South Livernois Road
Suite 305
Rochester Hills, MI 48307-2577

Mary Jean Brooks
1455 Crestwood Rd
Howell, MI 48843-8588

Capital One Bank (USA), N.A.
P.O. Box 60599
City of Industry, CA 91716-0599

Eric J. Carmichael
Shaneen, Jacobs & Ross P.C.
615 Griswold
Suite 1425
Detroit, MI 48226-3907

Chase Cardmember Service
P.O. Box 94014
Palatine, IL 60094-4014

Stewart A. Christian
2130 W. Grand River Ave.
P.O. Box 686
Howell, MI 48844-0686

Christian Brooks
1455 Crestwood Lane
Howell, MI 48843-8588

Collene K. Corcoran
P.O. Box 535
Oxford, MI 48371-0535

GEMoney Card
c/o Recovery Mgmt Systems Corp
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Hyundai Motor Finance
P.O. Box 9001102
Louisville, KY 40290-1102

Edward Macey
101 N. Main Street
Ste. 555
Ann Arbor, MI 48104-1477

New York & Company WFNNB
P.O. Box 182125
Columbus, OH 43218-2125

Richard A Pallas
4419 Reilly Ct.
Troy, MI 48085-4901

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA  98083-0788

Nicholas Roumel
101 N. Main Street
Suite 555
Ann Arbor, MI 48104-1477

Shermeta, Adams & Von Allmen PC
P.O. Box 5016
Rochester, MI 48308-5016

TCF National Bank
17440 College Parkway
Livonia MI 48152-2363
MC 604-02-K
Attn: RKubany

TCF National Bank
P.O. Box 1485
Minneapolis, MN 55480-1485

TCF National Bank
P.O. Box 1501
Minneapolis, MN 55480-1501

TCF National Bank
c/o Shaheen, Jacobs & Ross, PC
Eric J. Carmichael, Esq.
1425 Ford Bldg, 615 Griswold
Detroit, MI 48226

Target National Bank
P.O. Box 59317
Minneapolis, MN 55459-0317

Toyota Financial
P.O. Box 4102
Carol Stream, IL 60197-4102

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Thomas L. Beadle
Beadle Smith PLC

(u)Daniel M. McDermott

(u)TCF National Bank

```
End of Label Matrix
Mailable recipients    22
Bypassed recipients     3
Total                  25
```

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

**IN THE MATTER OF:**

Mary Jean Brooks,

Bankruptcy Case No.: 10-30974
Hon. Daniel Opperman
Chapter 7

        Debtor.

_____/

## AFFIDAVIT

None.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

**IN THE MATTER OF:**

|                                          |                                          |
|------------------------------------------|------------------------------------------|
| Mary Jean Brooks,                        | Bankruptcy Case No.: 10-30974            |
|                                          | Hon. Daniel Opperman                     |
|                                          | Chapter 7                                |

          Debtor.

_____/

## EXHIBIT LIST

| Exhibit | Description          |
|---------|----------------------|
| 6-A     | Settlement Agreement |

Respectfully submitted,

BEADLE SMITH, PLC

 /S/ Thomas L. Beadle
_____
By: THOMAS L. BEADLE (P39203)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 18; (248) 650-6095 (fax)
Date:   June 12, 2013       tbeadle@bbssplc.com

# SETTLEMENT AGREEMENT BY AND BETWEEN THE ESTATE OF MARY JEAN BROOKS, NICK ROUMEL AND HIS FIRM, MARY JEAN BROOKS AND CENTRAL IRRIGATIONS SUPPLY, INC.

This AGREEMENT is made this 12th of June, 2013 by and between Collene K. Corcoran, Bankruptcy Trustee for the Estate of Mary Jean Brooks, Mary Jean Brooks, Nicholas Roumel on behalf of Nacht, Roumel, Salvatore, Blanchard & Walker, PC and Central Irrigation Supply, Inc. in order to resolve all matters between the parties as it relates to a lawsuit entitled, Mary J. Brooks vs Central Irrigation Supply, Inc., Eastern District of Michigan, Southern Division, Case No. 10-cv-13717 previously pending in the United States District Court, Detroit before the Honorable Paul D. Borman ( lawsuit ).

WHEREAS, the matter proceeded to a jury trial and a verdict was rendered in favor of Mary J. Brooks however, following trial, Central Irrigation Supply, Inc. file a Motion to Dismiss the case because Mary J. Brooks was not the proper party as she had failed to disclose the lawsuit and the claim against Central Irrigation Supply, Inc. in her bankruptcy petition.

WHEREAS, the lawsuit was dismissed without prejudice affording Collene K. Corcoran, Bankruptcy Trustee for the Estate of Mary Jean Brooks to potentially pursue the action in place of the Debtor.

WHEREAS, a motion to compromise the claim was filed by the Trustee and objected to by the Debtor and the matter was set for an evidentiary hearing to occur on June 12, 2013.

WHEREAS, Central Irrigation denies any liability to Mary J. Brooks or the Estate of Mary J. Brooks.

WHEREAS, the Debtor appeared for a 2004 exam as requested by the Trustee and ordered by the Court and the parties have had an opportunity to discuss the matter further and now the Debtor, Mary Jean Brooks, Nicholas Roumel on behalf of Nacht, Roumel, Salvatore, Blanchard & Walker, PC and Central Irrigation Supply, Inc. and the Trustee have had an opportunity to discuss the matter further and the Trustee has further investigated the claims, the cost to proceed to trial, the law on the issues relative to proceeding with a lawsuit, the potential recovery at trial and the extent to which proceeding further would benefit the estate, its creditors and the Estate is desirous of resolving the pending lawsuit and the issues related thereto and the Defendant, Central Irrigation Supply, Inc. is desirous of resolving the matter short of trial;

WHEREAS, the parties are desirous of resolving all matters between them and have agreed to resolve the matter upon a total payment by Central Irrigation Supply, Inc. to the Estate of Mary Jean Brooks in the amount of Thirty Two Thousand Five Hundred ($32,500) Dollars. The Trustee acknowledges that she has already received the sum of Fifteen Thousand ($15,000) Dollars in exchange for a dismissal with prejudice of the Lawsuit upon payment in full and releases to be executed by the parties. The parties also agreed that the firm of Nacht, Roumel, Salvatore, Blanchard & Walker, PC would be entitled to submit an unsecured proof of claim in

the amount of Nine Thousand Six Hundred Fifty ($9,650) Dollars representing its out-of-pocket costs in the lawsuit.

Now, therefore, the parties agree as follows:

1.      The Bankruptcy Estate warrants and represents that it has full authority, subject to Bankruptcy Court approval and pursuant to its business judgment, to enter into a full and final settlement of the matters set forth herein.

2.      Upon the signature of the parties to this agreement, the Bankruptcy Estate, promises and agrees to petition the Court for the approval of this compromise as provided for in this agreement which would resolve any and all claims that could have been brought in the lawsuit entitled, Mary J. Brooks vs Central Irrigation Supply, Inc., Eastern District of Michigan, Southern Division, Case No. 10-cv-13717 previously pending in the United States District Court, Detroit before the Honorable Paul D. Borman ( lawsuit ), the as well as the State Court Action previously dismissed with prejudice, entitled Mary Jean Brooks et al v. Central Irrigation Supply, Inc., pending in Oakland County Circuit Court with Case No. 12-124782 CD, and would constitute a full waiver by the Estate and the Debtor to any and all claims that Debtor could have, did have or may have against Central Irrigation Supply, Inc. in the lawsuit as the lawsuit is property of the Estate pursuant to 11 USC §541.  The parties agree that an Order Dismissing the Case with prejudice would enter in the District Court action.

3.      The parties agree that Central Irrigation Supply, Inc. will pay the Estate of Mary Jean Brooks the total amount of Thirty Two Thousand Five Hundred ($32,500) Dollars upon the approval of the Bankruptcy Court authorizing the Trustee to enter into this Settlement Agreement in full and final settlement of all claims by Mary Jean Brooks or through the bankruptcy proceedings as set forth in the following paragraph. The Estate of Mary J. Brooks expressly acknowledges that Central Irrigation shall been given a credit in the amount of Fifteen thousand ($15,000.00) Dollars for as this amount previously been tendered to the Estate as part of this Agreement.  Thus, upon approval of the Settlement, Central Irrigation shall pay an additional Seventeen Thousand Five Hundred Dollars as full satisfaction of the Agreement.

4.      In addition to agreements set forth above, the parties acknowledge that this resolves all claims whatsoever that could have been raised in the pending lawsuit, whether known or unknown and that this settlement is in satisfaction of any and all obligations between the parties, as well as the State Court Actions previously dismissed with prejudice, entitled Mary Jean Brooks v. Central Irrigation Supply, Inc., pending in Oakland County Circuit Court with Case No. 12-124782 CD.

5.      The parties agree to sign any and all documents necessary to complete the dismissal of the pending lawsuit with the United States District Court, Eastern District of Michigan such that the lawsuit will be dismissed with prejudice and without costs or attorneys fees to any party.

6.      The parties also agreed that the firm of Nacht, Roumel, Salvatore, Blanchard & Walker, PC shall be entitled to submit an unsecured proof of claim in the amount of Nine

Thousand Six Hundred Fifty ($9,650) Dollars representing its out-of-pocket costs in the lawsuit within 30 days of the approval of this settlement

7.  In order to accomplish the same, the Bankruptcy Estate promises and agrees to promptly prepare and file all necessary papers, and secure all appropriate orders, so that: (1) the approval of this Agreement by the Bankruptcy Court is sought.

8.  This instrument constitutes the entire understanding and agreement of the parties hereto and no other agreement between said parties shall be binding unless in writing and signed by all the parties hereto.

9.  If any portion of this Agreement shall be held invalid by operation of law or by any tribunal of competent jurisdiction, or is compliance with or enforcement of any portion of this Agreement shall be restrained by such tribunal pending a final determination as to its validity, the remainder of this Agreement shall not be affected thereby.

10.  This instrument shall be binding upon and inure to the benefit of the parties herein, their representatives, successors and assigns.

11.  All parties agree that they have made no representation concerning the taxability or tax ramifications, if any, paid under this Agreement.

12.  The terms and conditions of this Agreement shall not be binding on the Estate unless approved by the United States Bankruptcy Court for the Eastern District of Michigan and Central Irrigation Supply, Inc. consents to the Motion to Approve this Agreement with the Bankruptcy Court.

13.  This Agreement is a compromise of a contested claim that belongs to the Estate of Mary J Brooks., and that parties expressly acknowledge that Central Irrigation denies any and all liability to Mary J Brooks.


| | Central Irrigation Supply, Inc. |
|---|---|
| /s/  Collene K. Corcoran | /s/  Bernardo Luciano |
| Collene K. Corcoran, Trustee for the | By:  Bernardo Luciano |
| Bankruptcy Estate of Mary J. Brooks | Its:  President |
| U.S. Bankruptcy Court for the Eastern | |
| District of Michigan, Case No.: 10-30974 | |
| | |
| Dated: June  12, 2013 | Dated: June 12, 2013 |
| | |
| /s/ Mary Jean Brooks | /s/  Nicholas Roumel |
| Debtor, Mary Jean Brooks | Nicholas Roumel on behalf of |
| | Nacht, Roumel, Salvatore, Blanchard & Walker, PC |
| Dated: June 11, 2013 | Dated: June 11, 2013 |